MAX PARNES, PLAINTIFF-APPELLEE, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 3, 1938—Decided August 6, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Fast & Fast* (*Herman L. Fast,* of counsel).

For the appellee, *Henry Gottfried.*

The opinion of the court was delivered by

PERSKIE, J. The defendant insurance company appeals from a District Court judgment entered upon a verdict ren-

dered by the judge of the First District Court of the city of Newark, sitting without a jury, in favor of the plaintiff in the amount of $360 plus interest.

The testimony discloses that defendant issued an accident and health policy to plaintiff on November 21st, 1936, to take effect as of January 21st, 1937. So far as is here pertinent, that policy provides for $90 monthly payments should the assured suffer a disability "resulting from illness which is contracted and begins during the life of the policy and after it has been maintained in continuous force for thirty days from its date." A further condition to payment under the policy is that during this illness, the assured "shall be regularly attended by * * * a physician and wholly and continuously disabled from performing any and every duty pertaining to his occupation." After this policy had been in effect more than thirty days, the assured, on June 27th, 1937, became ill. This illness, which unquestionably resulted in complete disability, was reported to the defendant, which refused to accede to a demand for payment. Accordingly, plaintiff brought this suit to recover $90 a month for the four months period commencing July 4th, 1937, and ending October 4th, 1937. As already indicated, judgment was had for the full amount of the claim.

*First:* Appellant's principal argument is that the illness from which plaintiff suffered—heart disease—was not contracted and did not begin during the life of the policy. This argument is not persuasive. For, totally apart from a consideration of whether or not the policy might be construed so as to compel payments thereunder even if the assured suffered from an unknown and latent disease at the time of its issuance, which disease did not manifest itself until the policy became effective, we are entirely satisfied that, under the contradictory proofs, factual questions were raised as to whether plaintiff's disease was contracted and did begin during the life and under the terms of his policy with defendant. A finding supported by such proofs will not be disturbed by this court.

*Second:* Appellant seeks to limit recovery, if any may be had, to a two months' period upon the ground that the

assured was confined to his home for that time only. Such, however, was not the case. The testimony is that the assured was confined to his bed for nine weeks, and remained at home for about two months thereafter. During this latter two months' period, he was regularly attended by his physician, and did not attend to his usual business. Such being the circumstances, plaintiff is clearly entitled to payments for the entire four months. *Cf. Teitelbaum* v. *Massachusetts Accident Co.*, 13 *N. J. Mis. R.* 811, 814; 181 *Atl. Rep.* 395, and cases therein cited; *affirmed*, 116 *N. J. L.* 417; 184 *Atl. Rep.* 808.

We have considered all other points argued and find them to be without merit.

Accordingly, the judgment is affirmed, with costs.